FILED
AUG 03 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 21-cr- 326 |
| DAYAKAR MALLU | [UNDER SEAL] |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Joseph S. Beemsterboer, Acting Chief, Fraud Section, Criminal Division, United States Department of Justice; Stuart M. Goldberg, Acting Deputy Assistant Attorney General, Tax Division, United States Department of Justice; Matt Reilly, Trial Attorney; and Kenneth C. Vert, Trial Attorney, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A two-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Commit Securities Fraud<br>September 1, 2017, to July 31, 2019. | 18 U.S.C. § 1349 |
| 2 | Aiding and abetting the preparation of a false tax return<br>February 29, 2016 to March 1, 2016. | 26 U.S.C. § 7206 |

## II. ELEMENTS OF THE OFFENSE

A.   As to Count 1:

In order for the crime of Conspiracy to Commit Securities Fraud, in violation of 18 U.S.C. § 1349, to be established, the government must prove the following elements beyond a reasonable doubt:

1. Two or more persons agreed to commit securities fraud; and

2. The defendant knowingly and voluntarily joined in the conspiracy.

*See United States v. Obaygbona*, 556 F. App'x 161, 163–64 (3d Cir. 2014); *accord United States v. Berger*, 09-cr-308, 2010 WL 4237925, at *4-5 (W.D. Pa. Oct. 21, 2010) (Conti, J.) (holding there is no overt act requirement in 18 U.S.C. § 1349).

**B. As to Count 2:**

In order for the crime of aiding and abetting the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2), to be established, the government must prove the following elements beyond a reasonable doubt:

1. The defendant aided, assisted, procured, counseled, advised or caused the preparation and presentation of a return;

2. the return was fraudulent or false as to a material matter; and

3. the act of the defendant was willful.

*See United States v. Gambone*, 314 F.3d 163, 174 (3rd Cir. 2002)

## III. PENALTIES

A.   As to Count 1: Conspiracy to Commit Securities Fraud

   ( 18 U.S.C. § 1349):

1. A term of imprisonment of not more than 25 years.

2. A fine of not more than the greater of (i) $250,000 or (ii) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process.

3. A term of supervised release of not more than 5 years.

B. **As to Count 2: Aiding and Abetting the Preparation of a False Tax Return (26 U.S.C. § 7206(2)):**

1. A term of imprisonment of not more than 3 years.

2. A fine of not more than the greater of (i) $250,000 or (ii) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process.

3. A term of supervised release of not more than 1 year.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 per count of conviction must be imposed upon conviction, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

As set forth in the Plea Letter, restitution is applicable in this case, namely: restitution to the Internal Revenue Service in the amount of $4,863,699, pursuant to 18 U.S.C. § 3663(a)(3): $520,914 for 2015; $3,622,278 for 2016; and $720,507 for 2018.

## VI. **FORFEITURE**

As set forth in the Information, forfeiture is applicable in this case. Under 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(2)(B), the Defendant is subject to forfeiture of $4,271,562.

Respectfully submitted,

| | |
|---|---|
| JOSEPH S. BEEMSTERBOER<br>Acting Chief, Fraud Section<br>Criminal Division<br>U.S. Department of Justice | STUART M. GOLDBERG<br>Acting Deputy Assistant Attorney General<br>Tax Division<br>U.S. Department of Justice |
| By: *[signature]*<br>Matthew Reilly<br>Trial Attorney | By: /s Kenneth C. Vert<br>Kenneth C. Vert<br>Trial Attorney |