IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-326 |
| ) | |
| DAYAKAR MALLU ) | |

### MEMORANDUM AND ORDER OF COURT

Presently before the Court is the Government's Motion to Dismiss the Ancillary Petitions of Emergtech IT Solutions LLC, Emergtech Business Solutions Inc., and Lakshmi Deepak Gopalam (collectively, the "Ancillary Petitions"), which were filed on the docket in this case as Motions to Set Aside Forfeiture. (Docket Nos. 135, 136, 137, 141). For the following reasons, the Government's Motion to Dismiss will be granted, the Motions to Set Aside Forfeiture will be denied, and the Ancillary Petitions will be dismissed.

I.  BACKGROUND

On September 17, 2021, Defendant Dayakar Mallu waived prosecution by indictment and pled guilty pursuant to a plea agreement to the Amended Information in this case charging him at Count One with conspiracy to commit securities fraud, in violation of 18 U.S.C. § 1349, and at Count Two with aiding and abetting the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. (Docket Nos. 19, 21-1, 23, 24). The Amended Information included a forfeiture allegation providing Mallu notice that the Government intended to seek forfeiture of United States currency totaling $4,271,562 seized from a referenced TD Ameritrade account (the "Subject Account"). (Docket No. 19 at 6). As part of his plea agreement, Mallu agreed to forfeit to the United States $4,271,562. (Docket No. 21-1, ¶ A.3).

On October 1, 2024, the Court granted the Government's Motion for Preliminary Order of Criminal Forfeiture indicating that all right, title, and interest of Mallu in $4,271,562 in United States currency from the Subject Account were forfeited to the United States. (Docket Nos. 117, 119). On that same date, the Court sentenced Defendant to a total term of 24 months' imprisonment. (Docket No. 123). The Court's Judgment incorporated the Preliminary Order of Criminal Forfeiture, specifying that Mallu's right, title, and interest in $4,271,562 from the Subject Account were forfeited to the United States. (*Id*. at 8).

In accordance with 21 U.S.C. § 853(n)(1), the United States posted notice on an official government internet website (www.forfeiture.gov), beginning on October 4, 2024 and ending on November 2, 2024, of the Court's forfeiture order and the Government's intent to dispose of the forfeited Subject Account. (*See* Docket No. 139). The notice stated that any person claiming interest in the forfeited property must file an ancillary petition within 60 days of the notice's first date of publication. (*Id.* at 2). The notice further detailed the filing requirements for any ancillary petition. (*Id.*).

On December 5, 2024, Emergtech IT Solutions LLC, Emergtech Business Solutions Inc.,[1] and Lakshmi Deepak Gopalam (collectively, the "Petitioners") each filed an Ancillary Petition,

---

[1] It is well established that a business entity may not appear in federal court as a pro se litigant, but rather must be represented by a licensed attorney. *See Rowland v. California Men's Colony, Unit II Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) ("[A] corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court or courts before whom its rights need to be adjudicated[.]"); *In re: 69 N. Franklin Tpk., LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) ("It is well established that a corporate entity such as a limited liability company may not proceed pro se and must be represented by legal counsel."); *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (holding that an LLC must be represented by counsel in federal court even if it has only one member). Contrary to this precedent, the Ancillary Petitions filed by Emergtech IT Solutions LLC and Emergtech Business Solutions Inc. do not indicate that either company is represented by an attorney, nor has any attorney entered an appearance on behalf of either company. This deficiency, in addition to those discussed below, warrants dismissal of Emergtech IT Solutions LLC's and Emergtech Business Solutions Inc.'s respective Ancillary Petition.

which was docketed as a Motion to Set Aside Forfeiture.  (Docket Nos. 135, 136, 137).  Each Ancillary Petition references the Subject Account, states that the Petitioners gave Mallu an unsecured loan as shown by an attached promissory note,[2] claims that Mallu has not paid any principal or interest on the loan, and requests recovery of the principal loan amount.  (*See id*. at 1-2).  In summary, the Petitioners assert that they are entitled to recover the respective unsecured debt from the money in the Subject Account which Mallu forfeited to the United States as part of his plea agreement.

In moving to dismiss the Ancillary Petitions, the Government argues that the Petitioners, as general unsecured creditors, have failed to establish standing to contest the forfeiture.  (Docket No. 141 at 5-7).  The Government also contends that the Ancillary Petitions should be dismissed because the Petitioners fail to explain the nature and extent of their right, title, or interest in the Subject Account.  (*Id.* at 7-9).  The Government is correct on both counts, as explained below.

## II.     LEGAL STANDARD

As background, a criminal forfeiture proceeding progresses in two stages.  At the first stage, "the Government [must] establish[ ] the requisite nexus between the [forfeited] property and the offense."  Fed. R. Crim. P. 32.2(b)(1)(A).  A court then will make a preliminary forfeitability determination based on evidence already in the record, and which is made without regard to any third party's interest in the property.  Fed. R. Crim. P. 32.2(b)(1)(B), 32.2(b)(2)(A).  At this stage, "a third party is barred from intervening in the criminal case and from commencing an action against the United States concerning the validity of an alleged property interest."  *United States v.*

---

[2]     According to the Ancillary Petitions, Emergtech IT Solutions LLC gave Mallu a $353,000 unsecured loan on November 1, 2018,  Emergtech Business Solutions Inc. gave him a $297,000 unsecured loan on November 1, 2018, and Lakshmi Deepak Gopalam gave him a $250,000 unsecured loan on March 1, 2020.  (Docket Nos. 135 at 1; 136 at 1; 137 at 1).

*Nolasco*, 354 F. App'x 676, 678 (3d Cir. 2009) (citing 21 U.S.C. § 853(k)).  To summarize, "only the Government and defendant are involved [at the first stage] - the court makes a preliminary forfeiture determination 'without regard to any third party's interest,' which can only be considered later after the preliminary order is issued."  *United States v. Nicoll*, 711 F. App'x 108, 110 (3d Cir. 2017) (quoting Fed. R. Crim. P. 32.2(b)(2)(A)).

The second stage of a forfeiture proceeding allows a third party who claims an interest in the forfeited property to petition the court for an ancillary proceeding in which to adjudicate the validity of that property interest before the court enters a final forfeiture order.  *See* Fed. R. Crim. P. 32.2(c); 21 U.S.C. § 853(n)(2).  To be clear, "[o]wnership is the only relevant issue in a Section 853(n) ancillary proceeding."  *Nolasco*, 354 F App'x at 680.  "Only if the third party has established it has a vested right in the property superior to that of the defendant, or it is a *bona fide* purchaser of the property, will the court amend the preliminary forfeiture order."  *Nicoll*, 711 F. App'x at 110 (citing *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991) (and further citing 21 U.S.C. § 853(n)(6)(A) and (B)).

This case is currently at the second stage, which is governed by 21 U.S.C. § 853(n).  As required by that provision, a petition in a third-party ancillary proceeding must be "signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."  21 U.S.C. § 853(n)(3).  Moreover, to initiate an ancillary proceeding, "a third-party petitioner must demonstrate that [he] has a legally sufficient interest in the forfeited property to give [him] standing to challenge the forfeiture."  *United States v. Sze*, Crim. No. 22-0141, 2024 WL 195468, at *4 (D.N.J. Jan. 18, 2024) (citing 21 U.S.C. § 853(n)(2)).

4

While the statutory scheme contemplates the possibility of a hearing to adjudicate any third-party interest in the property, *see* 21 U.S.C. § 853(n)(2), the district court is permitted, "on motion, [to] dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason," without a hearing. *See* Fed. R. Crim. P. 32.2(c)(1)(A). For purposes of the motion, "the facts set forth in the petition are assumed to be true." *Id.*

### III. ANALYSIS

Turning to consideration of the Ancillary Petitions at issue here, the Court finds that they must be dismissed because the Petitioners have failed to establish standing to contest the forfeiture. Even if the Petitioners could establish standing, the Ancillary Petitions still would be subject to dismissal because they fail to comply with certain pleading requirements specified in § 853(n)(3).

To start, "a third-party petitioner must demonstrate that [he] has a legally sufficient interest in the forfeited property to give [him] standing to challenge the forfeiture." *Sze*, 2024 WL 195468, at *4; *see also United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007) ("The specifications that a third-party claimant have a legal interest (under § 853) and an interest (under Rule 32.2) [3] impose a statutory-standing requirement on claimants."). As the Third Circuit Court of Appeals has explained, Congress did not intend § 853(n) "to serve as a vehicle by which *all* innocent third parties who are aggrieved by an order of criminal forfeiture can petition for judicial relief." *Lavin*, 942 F.2d at 185 (emphasis in original). Rather, Congress "intended to accord standing to only

---

[3]     Section 853(n)(2) provides that "[a]ny person, other than the defendant, *asserting a legal interest in property which has been ordered forfeited* to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2) (emphasis added). Rule 32.2(c)(1) states, "[i]f, as prescribed by statute, a third party files a petition *asserting an interest in the property to be forfeited*, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment." Fed. R. Crim. P. 32.2(c)(1) (emphasis added).

[the] two narrow classes of third parties" delineated in § 853(n)(6)(A) and (B). *Id.* Consequently, a third-party petitioner has only two statutory grounds to assert a legal interest in forfeited property: (1) he may show "that he possessed a 'superior interest' at the time of the offense under § 853(n)(6)(A)," or alternatively (2) "that he was a 'bona fide purchaser for value' reasonably without cause to believe that the property was subject to forfeiture under § 853(n)(6)(B)." *United States v. Swartz Family Trust*, 67 F.4th 505, 513 (2d Cir. 2023) (citation omitted); *see also Sze*, 2024 WL 195468, at *4 (explaining that § 853(n) provides two ways by which a third-party petitioner may establish that he has an interest in forfeited property which defeats the Government's interest in it) (citing 21 U.S.C. § 853(n)(6)).

Here, the Petitioners do not allege that they fall under either one of the "two narrow classes of third parties" to whom the statute accords standing to contest the forfeiture. The Petitioners do not claim that they have a legal right, title, or interest in the Subject Account that "was superior to any right, title, or interest of [Mallu] at the time of the commission of the acts which gave rise to the forfeiture of the property" as required for standing under § 853(n)(6)(A). Nor do the Petitioners assert that they were "a bona fide purchaser for value of the right, title, or interest in the [Subject Account] and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture" as required for standing under § 853(n)(6)(B). Rather, all three Petitioners claim that they gave Mallu an unsecured loan. (*See* Docket Nos. 135 at 1; 136 at 1; 137 at 1). As courts in this Circuit and elsewhere have ruled, general unsecured creditors like the Petitioners do not have an identifiable right, title, or interest in the forfeited property and thus lack standing to contest the forfeiture. *See e.g., United States v. White*, 675 F.3d 1073, 1080 (8th Cir. 2012) (holding that "a general creditor does not have standing to claim an interest in a particular forfeited asset"); *Sze*, 2024 WL 195468, at *6, *12 (dismissing general unsecured creditor's

ancillary petition for lack of standing); *United States v. Mazza-Alaluf*, No. S1 07 Cr. 403, 2011 WL 308266, at *3 (S.D.N.Y. Jan. 27, 2011) (petitioners lacked standing because they did not assert that their loans had any nexus to the bank account that was subject to the preliminary order of forfeiture, and as a result could not plausibly connect their investments to the forfeited property); *United States v. Speed Joyeros, S.A.*, 410 F. Supp. 2d 121, 125 (E.D.N.Y. 2006) ("General, unsecured creditors lack a particularized claim in specific assets."); *United States v. Stewart*, No. 96-583, 1998 WL 961363, at *2 (E.D. Pa. Dec. 11, 1998) (finding that general unsecured creditors lack standing because they do not possess a right, title, or interest in specific assets that is superior to that of the debtor under § 853(n)(6)(A), nor are they bona fide purchasers for value under § 853(n)(6)(B)). Similarly, as unsecured creditors, the Petitioners here have no identifiable right, title, or interest in the Subject Account and therefore they lack standing to contest the forfeiture. Accordingly, the Ancillary Petitions must be dismissed.

Even if the Petitioners could establish standing, the Ancillary Petitions still would be subject to dismissal because they fail to comply with certain pleading requirements specified in § 853(n)(3). *See United States v. Winters*, Crim. No. 19-62, 2020 WL 1911473, at *3 (W.D. Pa. Apr. 20, 2020) (finding that failure to comply with the technical requirements of § 853(n)(3) requires dismissal of petition) (citations omitted); *United States v. Salkey*, Crim. No. 2:15cr146, 2016 WL 3766308, at *2 (E.D. Va. July 11, 2016) (observing that courts routinely dismiss third party petitions that do not meet the pleading requirements detailed in § 853(n)(3)). As relevant here, § 853(n)(3) requires that "[t]he petition shall . . . set forth the nature and extent of the petitioner's right, title, or interest in the property, [and] the time and circumstances of the

petitioner's acquisition of the right, title, or interest in the property[4] . . . ." 21 U.S.C. § 853(n)(3). The Ancillary Petitions do not satisfy either of these requirements with respect to the Subject Account. Rather, the Ancillary Petitions simply allege that each of the Petitioners gave Mallu an unsecured loan, which has not been repaid, (*see* Docket Nos. 135 at 1; 136 at 1; 137 at 1), but they do not assert that those unsecured loans had any nexus to the Subject Account or otherwise explain the basis for each Petitioner's claim to the Subject Account. As such, dismissal of the Ancillary Petitions also would be warranted given their failure to comply with the pleading requirements of § 853(n)(3).

### IV. CONCLUSION

For the reasons articulated herein, the Government's Motion to Dismiss the Petitioners' Ancillary Petitions will be granted, and the Ancillary Petitions will be dismissed.

An appropriate Order follows.

### ORDER OF COURT

AND NOW, this 25th day of February, 2025, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that the Government's Motion to Dismiss the Ancillary Petitions of Emergtech IT Solutions LLC, Emergtech Business Solutions Inc., and Lakshmi Deepak Gopalam, (Docket No. 141), is GRANTED, the Ancillary Petitions, which were filed on the docket in this case as Motions to Set Aside Forfeiture are DENIED, and the Ancillary Petitions, (Docket Nos. 135, 136, 137), are DISMISSED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

---

[4] As stated, these requirements were spelled out in the notice posted on the official government internet website (www.forfeiture.gov). (*See* Docket No. 139 at 2).

cc/ecf:  All counsel of record

        Emergtech IT Solutions LLC (via U.S. mail)

        Emergtech Business Solutions Inc. (via U.S. mail)

        Lakshmi Deepak Gopalam (via U.S. mail)